# UNITED STATES DISTRICT COURT

Eastern District of Michigan

UNITED STATES OF AMERICA
v.
Johnny Brown
Defendant

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 13-30094

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
FEB 08 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

_____
_____
_____
_____
_____
_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

2/8/2013
Date

_Signature of Judge_
U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Johnny Brown Order of Detention

Defendant is charged by way of criminal complaint with Felon in Possession of a Firearm, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Possession With Intent to Distribute a Controlled Substance.

Defendant is 47 years old, single and the father of a son who resides in an adult foster care facility in Oak Park, Michigan. His mother and three siblings live in Detroit. He reported to Pretrial Services that he has resided at 19206 Archdale in the city of Detroit with his girlfriend, Donna Clemmons, since 2007. This information could not be verified because Defendant reported that he could not recall any telephone numbers without having his cellphone available.

Defendant admits to daily marijuana drug use. He has a long standing criminal record, recited in detail in the Pretrial Services Report, most of which highlights his longstanding drug usage, but also includes arrests and convictions involving weapons, drugs, theft, and fraud.

Defendant reports that he was laid off from Jack's car wash at Woodward and Maple Roads in Birmingham, Michigan, and that he receives unemployment in the amount of $282 bi-weekly from the State of Michigan. Although Defendant reported to Pretrial Services that he has resided on Archdale since 2007, these benefits are paid to another address. Specifically, the benefits are mailed to 18924 Heyden in Detroit, the home where the search warrant in this case was executed on February 6, 2013. At the time the search warrant was executed, the Heyden premises was empty. The search was conducted and it produced a 9 mm semi-automatic handgun, with a magazine containing six rounds of ammunition and one Beretta 9 mm semi-automatic handgun with a magazine containing 15 rounds of ammunition, 13 plastic sandwich type bags ontaining suspected marijuana, one canvas cooler containing narcotics packaging material, one digital scale, and $276 in currency. Marijuana was also retrieved from the living room of the home, along with documentation of Defendant's residency there (State of Michigan Unemployment Insurance for Johnny Brown at 18924 Heyden dated January 8, 2013). A Dodge Caravan in the driveway was searched at the same time and confiscated were four live rounds of ammunition, one plastic sandwich bag containing marijuana, proof of residency documentation (2 State of Michigan Unemployment Insurance Letters/Tax Information for Johnny Brown at 18924 Heyden post marked 1/7/13. Two cell phones were also confiscated from the van.

When Defendant was booked at the 6th Precinct, he told the officer that 18924 Heyden was his residential address and stated that he had been living there for one year. Defendant's statement to the officer and his statement to Pretrial Services and in open Court at today's hearing clearly

conflict with regard to Defendant's permanent residence. Pretrial Services was told he has lived on Archdale since 2007; Defendant made the same statement in open court. But he told the arresting officer that he has resided on Heyden for a year, and the paperwork confiscated at the time of the search confirms his residency at the Heyden address.

Defendant is receiving unemployment benefits at the Heyden address while at the same time telling the officers of this Court, specifically the Pretrial Services officer and the Magistrate Judge that he resides on Archdale. When presented with the conflicting stories, Defendant maintained that he lives on Archdale and not on Heyden. When he was asked to provide a telephone number so that Pretrial Services could make further inquiry to confirm his residence, he gave a number with purportedly was his girlfriend's sister's phone number, but there was no answer.

Defendant's credibility and veracity are clearly at issue. Without verification of his address, and in view of his conflicting statements to court officers and police officers, bond is not an option for this Defendant. He has not been truthful about his community contacts and could provide no information or telephone numbers to verify any of his information.

The nature of the instant charges render Defendant a danger to the community, by clear and convincing evidence, and a risk of flight by a preponderance of the evidence. Pretrial Services recommends detention. This Court agrees with and adopts the recommendation of Pretrial Services. There is no condition, or combination of conditions, that will assure this Defendant's appearance in Court or the safety of the community. Therefore Detention is Ordered.